IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No. 20-cv-00723-RBJ

WILLIAM ACEVEDO,

    Applicant,

v.

B. TRUE, Warden,

    Respondent.

## ORDER ON APPLICATION FOR WRIT OF HABEAS CORPUS

This matter is before the Court on the Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 1) (the "Application") filed by Applicant, William Acevedo. Mr. Acevedo challenges a prison disciplinary conviction. On May 8, 2020, Respondent was ordered to show cause why the Application should not be granted. On June 22, 2020, Respondent filed a Response to Order to Show Cause (ECF No. 14). Mr. Acevedo has not filed a reply despite being given an opportunity to do so. After reviewing the pertinent portions of the record in this case, the Court FINDS and CONCLUDES that the Application should be denied.

### I. BACKGROUND

Mr. Acevedo is a prisoner in the custody of the Federal Bureau of Prisons. He currently is incarcerated at a federal prison in Florence, Colorado. On October 6, 2017, while he was incarcerated at a federal prison in California, Mr. Acevedo was involved in a physical altercation with a prison staff member. An Incident Report, assigned case number 3042000, was issued the same day by a staff member who witnessed the altercation and charged Mr. Acevedo with

seriously assaulting another person. (ECF No. 14-1 at pp.82-83.) On October 10, 2017, the Incident Report in case number 3042000 was rewritten but the offense charged did not change. (ECF No. 1-3.) Also on October 10, 2017, another Incident Report, assigned case number 3043070, was issued by the victim and charged Mr. Acevedo with assault and refusing to obey orders. (ECF No. 1-2.)

Both Incident Reports were referred to the Federal Bureau of Investigations for possible criminal prosecution and the BOP disciplinary proceedings were suspended until January 2019. (ECF No. 14-1 at pp.80-81, 166-67.) After the FBI released the Incident Reports for administrative processing, the BOP conducted a Unit Discipline Committee hearing in each case on January 31, 2019, which resulted in both Incident Reports being referred to a hearing before a Discipline Hearing Officer ("DHO"). (ECF No. 1-2, 1-3.) Although both Incident Reports were referred to the DHO, it was recommended in case number 3042000 that the Incident Report be expunged because Mr. Acevedo already received an Incident Report for the same incident. (ECF No. 1-3.)

A DHO hearing was held in case number 3043070 on February 26, 2019, and Mr. Acevedo was convicted of the offenses charged. (ECF No. 1-4.) He was sanctioned with 41 days loss of good conduct time; 41 days forfeiture of non-vested good conduct time; 75 days disciplinary segregation; 12 months loss of commissary, visiting, telephone, and email privileges; and a monetary fine of $25.00. (*Id.*) Regarding case number 3042000, Mr. Acevedo concedes that a DHO Report indicates a hearing also was held in that case on February 26, 2019 (ECF No. 1-5), but he contends there was no hearing in case number 3042000. He was convicted of the charge in case number 3042000 and sanctioned with 41 days loss of good conduct time; 41

2

days forfeiture of non-vested good conduct time; 60 days disciplinary segregation; and 12 months loss of commissary, visiting, telephone, and email privileges. (ECF No. 1-5.)

After the instant action was filed, the BOP conducted an audit of the two Incident Reports and the Incident Report in case number 3043070 was expunged because it was duplicative of the Incident Report in case number 3042000. (ECF No. 14-1 at p.172.)

Mr. Acevedo asserts two claims for relief. He first claims he was denied due process because he was convicted and sanctioned in case number 3042000 without a hearing. He contends in claim two that he was denied due process because he was convicted and sanctioned in two separate prison disciplinary proceedings for the same assault. As relief he asks that the Incident Report in case number 3042000 be expunged and that he be given a hearing in that case.

## II. LEGAL STANDARDS

The Court must construe the Application liberally because Mr. Acevedo is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110.

An application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 "is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); *see also McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997). Habeas corpus relief is warranted only if Mr. Acevedo "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

In the context of prison disciplinary proceedings, "[i]t is well settled that an inmate's

3

liberty interest in his earned good time credits cannot be denied without the minimal safeguards afforded by the Due Process Clause of the Fourteenth Amendment." *Mitchell v. Maynard*, 80 F.3d 1433, 1444 (10th Cir. 1996) (internal quotation marks omitted); *see also Howard v. U.S. Bureau of Prisons* , 487 F.3d 808, 811 (10th Cir. 2007) (citing *Mitchell* in the context of a federal prisoner challenging a prison disciplinary conviction). However, "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974).

> Where a prison disciplinary hearing may result in the loss of good time credits, . . . the inmate must receive: (1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action.

*Superintendent v. Hill*, 472 U.S. 445, 454 (1985) (citing *Wolff*, 418 U.S. at 563-67). Furthermore, "[a]n impartial decisionmaker is a fundamental requirement of due process that is fully applicable in the prison context." *Gwinn v. Awmiller*, 354 F.3d 1211, 1220 (10th Cir. 2004) (internal quotation marks omitted). Finally, "revocation of good time does not comport with the minimum requirements of procedural due process unless the findings of the prison disciplinary board are supported by some evidence in the record." *Hill*, 472 U.S. at 454 (internal citation and quotation marks omitted).

### III. DISCUSSION

**A. Claim One**

Applicant's due process claim contending he was denied a hearing in case number 3042000 lacks merit because the record before the Court demonstrates a hearing was held in both

disciplinary cases. The DHO Report for case number 3042000 indicates a hearing was held in that case on February 26, 2019, at 11:20 a.m. (ECF No. 1-5.) The DHO Report for case number 3043070 indicates a hearing was held in that case on the same date at 11:24 a.m.[1] (ECF No. 1-4.) Respondent also has submitted a sworn declaration from Ismael Hernandez, a Discipline Hearing Administrator for the Western Regional Office of the BOP, verifying that the DHO Reports are accurate and that a DHO hearing was held in both of Mr. Acevedo's disciplinary cases on February 26, 2019. (ECF No. 14-1.) Mr. Acevedo's bare allegation that no hearing was held in case number 3042000 is not sufficient in light of the record before the Court. Therefore, Mr. Acevedo is not entitled to relief with respect to claim one.

**B. Claim Two**

Respondent contends that claim two, the due process claim challenging the Incident Report in case number 304200 as duplicative, is moot because one of the Incident Reports has been expunged. The Court agrees.

Article III of the United States Constitution restricts the decision-making power of the federal judiciary to cases involving an actual case or controversy. *See Alvarez v. Smith*, 558 U.S. 87, 92 (2009). To satisfy the case or controversy requirement Mr. Acevedo must demonstrate he has suffered, or is threatened with, an actual injury traceable to Respondent and likely to be redressed by a favorable decision. *See Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990). Furthermore, "an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Id.* (internal quotation marks omitted). If circumstances change while a

---

[1] Mr. Acevedo makes no claim or argument that the length of the hearing in case number 3042000, a mere four minutes, does not satisfy due process.

case is pending "such that [a party's] legally cognizable interest in a case is extinguished, the case is moot, and dismissal may be required." *Green v. Haskell Cty. Bd. of Comm'rs*, 568 F.3d 784, 794 (10th Cir. 2009) (internal quotation marks omitted). If the Court finds that a case is moot, it must dismiss the case for lack of jurisdiction. *See, e.g.*, *McClendon v. City of Albuquerque*, 100 F.3d 863, 867 (10th Cir. 1996) ("Mootness is a threshold issue because the existence of a live case or controversy is a constitutional prerequisite to federal court jurisdiction.").

The record before the Court indicates the BOP has expunged the Incident Report and sanctions imposed in case number 3043070. As a result, the relief Mr. Acevedo seeks in this action, expungement of a duplicative Incident Report, has been granted and his due process claim challenging the duplicative conviction and sanctions is moot. *See Boyce v. Ashcroft*, 268 F.3d 953, 954 (10th Cir. 2001) (agreeing habeas petition seeking transfer to a different prison was moot following petitioner's transfer); *Craft v. Jones*, 473 F. App'x 843, 845 (10th Cir. 2012) (habeas claim challenging disciplinary conviction was moot when relief sought, setting aside the guilty finding and restoration of good time credits, was already obtained). The fact that Mr. Acevedo specifically seeks expungement of the Incident Report in case number 3042000 and the BOP instead expunged the Incident Report in case number 3043070 does not alter this conclusion. The crux of Mr. Acevedo's second claim is that he was sanctioned twice for the same offense and the relief granted by the BOP eliminates the duplicative disciplinary conviction and sanctions imposed. In addition, as Respondent points out, Mr. Acevedo was convicted of two disciplinary offenses in case number 3043070 and only one disciplinary offense in case number 3042000, so expungement of the Incident Report in case number 3043070 provides a greater

benefit.

For these reasons, the Court finds that claim two is moot is must be dismissed for lack of jurisdiction.

## IV. CONCLUSION

In summary, the Court finds that Mr. Acevedo is not entitled to relief and the Application will be denied. Accordingly, it is

**ORDERED** that the Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 1) is denied and this case is dismissed.

DATED August 18, 2020.

BY THE COURT:

R. BROOKE JACKSON
United States District Judge